86 F.3d 1174
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jesus N. LAGMAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3760.
 United States Court of Appeals, Federal Circuit.
 April 12, 1996.
 
 Before NEWMAN, MICHEL, and PLAGER, Circuit Judges.
 PER CURIAM.
 
 Decision
 
 1
 Jesus N. Lagman appeals from the May 19, 1995 decision of the Merit Systems Protection Board (Board), No. SF-0846-95-0348-I-1, affirming the reconsideration decision of the Office of Personnel Management (OPM) denying his application for benefits under the Civil Service Retirement System (CSRS). The initial decision of the Administrative Judge (AJ) became final when, on August 4, 1995, the full Board denied Lagman's petition for review. The appeal was submitted for decision on the briefs on April 9, 1996. Because the AJ correctly concluded that Lagman was covered by the Federal Employees Retirement System (FERS) rather than the CSRS, we affirm.
 
 Discussion
 
 2
 On June 6, 1986, with the enactment of the Federal Employees' Retirement System Act of 1986, Pub.L. No. 99-335, 100 Stat. 514 (codified as amended at 5 U.S.C. §§ 8401-8479 (1994)), Congress created the FERS, the successor to the CSRS. Part of the task Congress faced was creating a set of transition rules for those employees who, as a result of service prior to January 1, 1987 (the general effective date of the Act), had accumulated "creditable" service under the CSRS. Lagman, who worked under excepted, indefinite appointments at Subic Bay and other naval installations from November 1956 to June 1980, and reentered service in Concord, California, on July 20, 1987, is one such "transition rule" employee. It is clear from the undisputed facts of record in this appeal, however, that Lagman must be classified as entitled to retirement benefits under the FERS, and not the CSRS, unless 5 U.S.C. § 8402(b)(2) excludes him from FERS coverage.
 
 
 3
 Section 8402(b)(2) sets forth two grounds of exclusion from FERS coverage. The first ground of exclusion, in subparagraph A, applies to "any employee ... who has separated from the service after ... having been subject to subchapter III of chapter 83 of this title ... and [after] having completed at least 5 years of civilian service creditable under subchapter III of chapter 83 of this title." 5 U.S.C. § 8402(b)(2)(A). The second ground, in subparagraph B, applies to "any employee having at least 5 years of civilian service performed before January 1, 1987, creditable under subchapter III of chapter 83 of this title." 5 U.S.C. § 8402(b)(2)(B). The OPM, recognizing that this provision is ambiguous with respect to the degree of overlap between the two grounds of exclusion that Congress intended, has consistently interpreted section 8402(b) as follows: subparagraph A applies to employees who have reentered service on or after January 1, 1987 after a previous separation from service, whereas subparagraph B applies to employees who have served continuously since December 31, 1986, i.e., those not covered by subparagraph A. See Federal Employees Retirement System--Coverage, 59 Fed.Reg. 64,281, at 64,281 (1994) (recounting the OPM's consistent interpretation of section 8402(b)(2) in various public sources from 1986 forward). This longstanding interpretation of section 8402(b)(2) has most recently been codified at 5 C.F.R. §§ 842.104(c) and 842.104(d) (1995).
 
 
 4
 In its reconsideration decision, the OPM concluded that Lagman was automatically covered by the FERS when, on August 28, 1988, his position at the Naval Weapons Station at Concord was converted from a temporary to a career-conditional, permanent appointment. The deciding official applied the exclusion of subparagraph A of section 8402(b)(2) and concluded that, because "none of his service before his separation [in 1980] was covered under CSRS," Lagman was not excluded from FERS coverage. The reconsideration decision also noted that, consistent with the OPM's construction of section 8402(b)(2) as set forth most recently in 5 C.F.R. § 842.104(c), subparagraph B could not be applied to test whether Lagman was excluded from the FERS because he was not "a current employee who has had no separation." (Emphasis added).
 
 
 5
 The AJ affirmed the OPM's reconsideration decision. Specifically, the AJ concluded that, because none of Lagman's federal service prior to June 1980 was covered by the CSRS, the "after having been subject to subchapter III of chapter 83" criterion for exclusion in subparagraph A of section 8402(b)(2) had not been met. Like the OPM, the AJ also concluded that the rule of exclusion in subparagraph B did not apply to Lagman because he had not been in continuous service since December 31, 1986. Finally, the AJ rejected Lagman's contention that the interpretation of section 8402(b)(2) promulgated by the OPM at 5 C.F.R. § 842.104(c) was a change in substantive law that could not be retroactively applied to Lagman. The AJ concluded that, to the contrary, "the 1995 changes to 5 C.F.R. § 842.104 are merely textual changes to clarify language, not substantive changes to the application of the regulatory interpretation of the statute."
 
 
 6
 Lagman raises three contentions on appeal. First, Lagman contends that both the OPM and the AJ erred in testing his coverage under the FERS by reference to subparagraph A, rather than subparagraph B, of section 8402(b)(2). Second, on a closely related point, Lagman contends that the interpretation of section 8402(b)(2) set forth at 5 C.F.R. § 842.104 marks a change in substantive law that cannot be used to determine whether he is excluded from FERS coverage because the OPM promulgated it after he filed after his application for CSRS benefits. Finally, Lagman contends that, even assuming subparagraph A sets out the applicable test for determining whether he is excluded from FERS coverage, the AJ nevertheless erred in concluding that he was not excluded from the FERS. According to Lagman, because his service at Guantanamo Bay, Cuba, from August 12 to November 17, 1978 was assertedly covered by the CSRS, he has satisfied the criteria for exclusion under subparagraph A. We are not persuaded by any of Lagman's contentions.
 
 
 7
 We conclude, as did the AJ, that the interpretation of section 8402(b)(2) set out at 5 C.F.R. §§ 842.104(c) and 842.104(d) simply restates the position the OPM has consistently taken on the meaning of section 8402(b)(2) since 1986. Under this interpretation, the reasonableness of which Lagman does not challenge, subparagraph A applies to employees who, like Lagman, have reentered service on or after January 1, 1987 after a previous separation from service. Both the OPM and the AJ properly applied this provision to determine whether Lagman was covered by the FERS, and we discern no error in the conclusion that section 8402(b)(2)(A) did not exclude him from FERS coverage. Specifically, we discern no error in the AJ's conclusion that Lagman was never "subject to subchapter III of chapter 83" because none of his service prior to June 1980 was "covered" service for purposes of the CSRS.
 
 
 8
 For the foregoing reasons, the AJ's decision that Lagman is ineligible for benefits under the CSRS because he is covered by the FERS is affirmed.
 
 Costs
 
 9
 Each party to bear its own costs.